IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**FILED**
MAY 2 9 2003
U.S. DISTRICT COURT
CLARKSBURG, WV 26301

SHANNON QUINT PITTS,

    Plaintiff,

v.

Case No. 1:03CV83

MEGA LIFE AND HEALTH INSURANCE COMPANY,

    Defendant.

## NOTICE OF REMOVAL

1. Defendant MEGA Life and Health Insurance Company removes this civil action from state court to federal district court.

2. Defendant MEGA Life and Health Insurance Company is a Texas corporation, and maintains its principal place of business located in Oklahoma City, Oklahoma. MEGA Life and Health Insurance Company is, therefore, a citizen of the State of Oklahoma under 28 U.S.C. § 1332(c)(1) for purposes of determining citizenship in diversity actions.

3. Plaintiff Shannon Quint Pitts is an individual who resides in Harrison County, West Virginia, and is, therefore, a citizen of the State of West Virginia under 28 U.S.C. § 1332(a) for purposes of determining citizenship in diversity actions.

4. The above-entitled action was commenced originally in the Circuit Court of Harrison County, West Virginia, on or about April 29, 2003, and is now pending in that court. The summons and complaint, which were duly filed in the office of the Clerk of the

CL854402.1

Circuit Court of Harrison County, were served upon MEGA Life Insurance Company through the Secretary of State of West Virginia on April 30, 2003. A copy of the Complaint is attached herewith as "Exhibit 1."

  5. Federal jurisdiction is founded upon diversity of citizenship, 28 U.S.C. § 1332(a), as this civil action is a matter between citizens of different States and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Plaintiff Shannon Quint Pitts and Defendant MEGA Life and Health Insurance Company are citizens of different States. Accordingly, there is complete diversity of citizenship. Further, in the complaint, Plaintiff asserts a claim for punitive damages against Defendant. Therefore, in accordance with the holding of *Cline v. Matney*, 20 F.Supp.2d 977 (S.D.W. Va. 1998), the amount in controversy between the parties exceeds the $75,000.00 jurisdictional minimum.

  6. This notice is filed within thirty (30) days after Defendant MEGA Life and Health Insurance Company was served with and received a copy of the Summons, Legal Notice, and Complaint, and within one year of the date on which the action commenced.

  **WHEREFORE**, Defendant MEGA Life and Health Insurance Company prays that the aforesaid civil action be removed from the Circuit Court of Harrison County, West Virginia, to the United States District Court for the Northern District of West Virginia, and that said State court proceed no further with said action.

Dated this 29th day of May, 2003.

*[signature]*
Daniel C. Cooper (WV Bar No. 5476)
Jamison H. Cropp (WV Bar No. 8043)

STEPTOE & JOHNSON PLLC
Of Counsel

Bank One Center - 6th Floor
Post Office Box 2190
Clarksburg, WV 26302-2190
(304) 624-8000

Counsel for Defendant MEGA Life and Health Insurance Company

CL854402.1

3

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of May, 2003, I served the foregoing "Notice of Removal" upon counsel of record, by depositing a true copy thereof in the United States mail, postage prepaid, in envelopes addressed as follows:

>James I. Stealey
>Goldenberg, Goldenberg & Stealey, PLLC
>200 Star Avenue, Suite 222
>Parkersburg, WV 26101

>Mary L. Galan
>342 Lee Avenue
>Clarksburg, WV 26301

*[signature]*

CL854402.1



**State of West Virginia**
*Joe Manchin, III*
*Secretary of State*

Secretary of State's Office
Building 1, Suite 157-K
1900 Kanawha Blvd., East
Charleston, WV 25305-0770

Telephone: (304) 558-6000
Corporations: (304) 558-8000
FAX: (304) 558-0900
wvsos@secretary.state.wv.us
www.state.wv.us/sos/

The Mega Life and Health Insurance Company
Robert B. Vlach
4001 McEwen Dr. Suite 200, 40 Legal Dept
Dallas, TX 75244

# LEGAL NOTICE

April 30, 2003

Civil Action: 03-C-176

**RECEIVED**
MAY 0 6 2003
**Corp. Legal**

I am enclosing:

- ___ summons
- ___ notice
- ___ order
- ___ petition
- ___ motion
- ___ interrogatories
- ___ suggestions
- ___ subpoena duces tecum
- _1_ summons and complaint
- ___ 3rd party summons and complaint
- ___ summons returned from post office
- ___ certified return receipt

- ___ original
- ___ affidavit
- ___ answer
- ___ cross-claim
- ___ counterclaim
- ___ request
- ___ demand
- ___ default judgement
- ___ complaint
- ___ notice of mechanic's lien
- ___ suggestee execution
- ___ summons and amended complaint

which was served on the Secretary at the State Capitol in his capacity as your statutory attorney-in-fact.
According to law, I have accepted service of process in the name and on behalf of your authorized insurance company.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about these documents directly to the court or to the plantiff's attorney, shown in the enclosed paper. Please, do not call the Secretary of State's office.*

Sincerely,

Vicki Haught

Exhibit No. 1

## SUMMONS
### CIRCUIT COURT OF HARRISON COUNTY, WEST VIRGINIA

SHANNON QUINT PITTS

            Plaintiff

v.          03-C-176      JAMES A. MATISH

THE MEGA LIFE AND HEALTH INSURANCE COMPANY A TEXAS CORP.

            Defendant

To the Above-Named Defendant(s):
IN THE NAME OF THE STATE OF WEST VIRGINIA,

    you are hereby summoned and required to serve upon
MARY GALAM
Plaintiff's attorney whose address is
200 STAR AVE, SUTIE 222
PARKERSBURG, WV 26101

an answer, including any related counter-claim you may have, to the complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within 30 days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counter claim in the above-styled civil action.

DATED: 04/29/03

                            DONALD L. KOPP II, CLERK
                            Harrison County Circuit Court

                            By *[signature]*, Deputy

## CIVIL CASE INFORMATION STATEMENT
### CIVIL CASES
### In the Circuit Court of Harrison County, West Virginia

I. CASE STYLE:

2003 APR 29 PM 1:14

SHANNON QUINT PITTS,

    Plaintiff,

vs.      //     CIVIL ACTION NO. 03-C-_176-3_

THE MEGA LIFE AND HEALTH INSURANCE COMPANY,

    Defendant.

| | Answer | Days to Type of Service |
|---|---|---|
| The MEGA Life and Health Insurance Company<br>c/o Robert B. Vlach<br>4001 McEwen Drive, Suite 200<br>Dallas, TX 75244 | 30 | Secretary of State |

Original and 2 copies of Complaint and Jury Demand furnished herewith.

PLAINTIFFS:    SHANNON QUINT PITTS

                        CIVIL ACTION NO. 03-C-_____

DEFENDANTS:    THE MEGA LIFE AND HEALTH INSURANCE COMPANY

II. TYPE OF CASE     Miscellaneous Civil

III. JURY DEMAND:     ☒ Yes

CASE WILL BE READY FOR TRIAL BY (MONTH/YEAR): _4/04_

IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY OR AGE: No.

Attorney Name:                 Representing: Plaintiff

James I. Stealey
Mary L. Galan

Goldenberg, Goldenberg & Stealey, PLLC    Dated: _4/29_____, 2003
The Rivers Office Park
200 Star Avenue, Suite 222
Parkersburg, WV 26101
(304) 485-4516

_Mary L. Galan_
Signature

_James I. Stealey_
Signature

IN THE CIRCUIT COURT OF HARRISON COUNTY, WEST VIRGINIA

**SHANNON QUINT PITTS,**

      Plaintiff,

vs.                       //     CIVIL ACTION NO. 03-C-_176-3_

**THE MEGA LIFE AND HEALTH INSURANCE COMPANY,**
a Texas corporation,

      Defendant.

## COMPLAINT

Comes now the plaintiff, Shannon Quint Pitts, by his counsel, Mary L. Galan and James I. Stealey, and for his cause of action against the defendant, The MEGA Life and Health Insurance Company, respectfully states as follows:

### FACTUAL BACKGROUND

1.    Plaintiff, Shannon Quint Pitts (hereinafter referred to as "plaintiff"), is and, at all times relevant hereto, has been a resident and citizen of Harrison County, West Virginia.

2.    Defendant The MEGA Life and Health Insurance Company (hereinafter referred to as "defendant"), is and, at all times relevant hereto, has been a Texas corporation authorized and conducting business in the State of West Virginia.

3.    Plaintiff was the owner of a health insurance policy, namely policy number 09052795522, issued by defendant on or about February 18, 2000.

4.    Subsequent to the issuance of the health insurance policy by defendant, plaintiff sustained an injury to his knee while playing racquetball on or about March 14, 2000, and incurred

medical and related expenses which were supposed to be covered under the health insurance policy issued to him by defendant.

5. Defendant has notified plaintiff that the medical treatment received by him for his knee injury arises from a condition that began before this effective date of coverage under the policy with defendant, and that defendant was denying coverage for the expenses related to the racquetball injury which plaintiff incurred on or about March 14, 2000.

6. Defendant has been provided with substantial, material and compelling information that the knee injury sustained by the plaintiff while playing racquetball on or about March 14, 2000, and the treatment resulting therefrom, was not related in any way to any pre-existing condition from which the plaintiff had suffered prior to the effective date of the policy.

7. Notwithstanding its receipt and evaluation of the medical and other information which clearly substantiates the plaintiff's claim, defendant continues to refuse to pay for the medical expenses incurred by the plaintiff as a result of the plaintiff's knee injury sustained while he was playing racquetball on or about March 14, 2000.

8. As a direct and proximate result thereof, plaintiff has incurred substantial medical expenses amounting to in excess of $10,000$^{00}$, which should have been covered under his health insurance policy issued by defendant.

9. Plaintiff has no other health insurance coverage, aside from coverage afforded to him under his policy with defendant, and plaintiff has been required to make payment arrangements on the medical bills that he owes, and has had to endure the embarrassment, humiliation and emotional distress associated with various attempts by medical care providers and collection agencies to collect these debts.

10. The damages sustained by the plaintiff in terms of out-of-pocket expenses, emotional distress, humiliation, embarrassment, mental anguish and the like are the direct and proximate result of the failure of the defendant to pay the claims.

## COUNT I

### BREACH OF CONTRACT

11. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 10 of his Complaint, as if set forth herein verbatim.

12. Defendant agreed to provide health insurance coverage to the plaintiff under the aforementioned policy in exchange for the payment of premiums by the plaintiff to defendant.

13. Plaintiff paid all premiums due and owing under the policy in a timely fashion.

14. Plaintiff, himself, complied with all of the stipulations, conditions and requirements under the policy.

15. Defendant breached its contract with the plaintiff in the following ways:

    a. By refusing to pay legitimate medical expenses that should have been covered under the policy; and,

    b. By other acts and omissions constituting a breach of contract.

16. As a direct and proximate result thereof, plaintiff sustained significant losses and damages as aforesaid, and his medical bills remain unpaid, in part.

## COUNT II

### NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

17. Plaintiff reasserts and realleges each and every allegation contained in Paragraphs 1 through 16 of his Complaint, as if set forth herein verbatim.

18. Defendant knew or should have known that the act of refusing to pay plaintiff's legitimate medical and related expenses, and subjecting him to the claims of creditors, dunning,

and potential bankruptcy would result in substantial emotional distress, mental anguish, humiliation, and embarrassment. Defendant nonetheless, by refusing to pay legitimate medical and related expenses, proximately caused such damages and losses which the plaintiff sustained.

19. As a direct and proximate result thereof, plaintiff did suffer the aforementioned damages and losses.

20. Defendant is, therefore, liable to the plaintiff for the negligent and/or intentional infliction of emotional distress upon him, said emotional distress being severe and being foreseeable in light of the circumstances of the losses and injury that he sustained, and such emotional distress will continue in the future until his bills are paid and hie is made whole.

## COUNT III

### VIOLATION OF UNFAIR TRADE PRACTICES ACT
### AND OTHER STATUTES, REGULATIONS, AND LAWS PERTINENT TO THE
### ISSUANCE OF INSURANCE POLICIES AND THE HANDLING
### OF CLAIMS THEREUNDER

21. Plaintiff reasserts and realleges each and every allegation contained in Paragraphs 1 through 20 of his Complaint, as if set forth herein verbatim.

22. Defendant is subject to the laws and regulations of the State of West Virginia, including but not limited to the statutes, regulations and case law regarding unfair trade practices, and the statutes, regulations and case law pertaining to health insurance policies, the handling of claims, and the denial of claims.

23. In refusing to pay legitimate medical and related expenses, defendant has violated the provisions of West Virginia Code § 33-11-4, and has engaged in unfair and deceptive acts or practices which are prohibited by the statute.

24. Defendant also violated the provisions of West Virginia Code § 33-15-1, et seq., pertaining to accident and sickness insurance, in various ways and means.

25. Defendant has failed and refused to act in conformity with the rulings of the West Virginia Supreme Court of Appeals and the common law of this State in the manner I which it treated the plaintiff and handled this first-party claim.

26. As a direct and proximate result thereof, plaintiff sustained significant losses and damages as aforesaid by sustaining out-of-pocket losses for unpaid medical expenses, as well as sustaining mental and emotional distress, anguish, humiliation and embarrassment, loss of dignity, damage to his reputation and his credit, and other tangible and intangible damages, including the attorney fees and costs to be incurred in this litigation.

27. The foregoing violations were committed by defendant in a willful, wanton and deliberate manner, and without regard to its legal obligations to the plaintiff, or to its special relationship with the plaintiff. Said conduct justifies an award of punitive damages against defendant to punish the defendant and deter others from engaging in similar conduct in the future.

WHEREFORE, plaintiff demands judgment from The MEGA Life and Health Insurance Company, in an amount in excess of the minimum jurisdiction of this Court, as follows:

    a. Compensatory damages, for economic loss, emotional distress, mental anguish, humiliation and embarrassment, loss of dignity, damage to his reputation and his credit, and other tangible and intangible damages in an amount to be determined by the jury upon presentation of the various claims of the plaintiff, and proper proof thereof;

    b. Punitive damages to be assessed by the jury upon proper presentation of proof;

    c. Costs and expenses, including reasonable attorney fees, pre- and post-judgment interest; and,

    d. Such other relief, both general and special, as may be warranted by the evidence in this case.

Plaintiff demands a trial by jury on all counts of this Complaint for his causes of action, pursuant to Rule 38 of the West Virginia Rules of Civil Procedure

SHANNON QUINT PITTS
Plaintiff by counsel

*James I. Stealey* (signature)
James I. Stealey, State Bar #3583

GOLDENBERG, GOLDENBERG & STEALEY, PLLC
The Rivers Office Park
200 Star Avenue, Suite 222
Parkersburg, WV 26101
(304) 485-4516

*Mary L. Galan* (signature)
Mary L. Galan, State Bar #4979

342 Lee Avenue
Clarksburg, WV 26301
(304) 624-1023

Counsel for Plaintiff